■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES E. KENDRICK, Appellant, v. WALTER J. FLOOD, as Warden of the Nassau County Jail, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Nassau County, entered May 31, 1973, which dismissed the writ. Judgment affirmed, without costs. On May 6, 1971 relator was sentenced to two concurrent three-year sentences upon his conviction of grand larceny and robbery, each in the third degree. On September 7, 1972, when his sentence was due to expire on March 7, 1974, he was released on parole. On February 3, 1973 he was arrested for driving an automobile while impaired, without a license and speeding. On February 4, 1973 he pleaded guilty to the charge of driving while impaired and on March 5, 1973 he pleaded guilty to the charge of speeding. On February 5, 1973 a detainer warrant for violation of parole was lodged against him. A preliminary parole revocation hearing was conducted and resulted in a finding that probable cause or reasonable ground existed to believe that the relator had violated parole. Relator says the hearing took place on April 5, 1973 and the Attorney-General says it was March 22, 1973. Subsequently, he was returned to prison and granted a parole revocation hearing in June, 1973, which resulted in a determination that he had violated the terms of his parole. The delay between the lodging of the warrant and the time of the hearing did not deprive relator of due process of law with respect to determining whether there was probable cause to believe that he had committed acts that would constitute a violation of parole conditions. Moreover, by pleading guilty to driving while impaired and speeding, relator, as a matter of law, admitted that he had violated the

terms of his parole, thus establishing probable cause for revocation thereof (see *People ex rel. Maggio* v. *Casscles*, 28 N Y 2d 415). Finally, there is nothing in *Morrissey* v. *Brewer* (408 U. S. 471) which states that a preliminary hearing is mandatory under all circumstances. Indeed, the opinion indicates that the necessity for a hearing depends upon the circumstances of each individual case (*Morrissey* v. *Brewer, supra*, pp. 481, 485, 490). In this case it is patent that relator's pleas of guilty established the probable cause, obviating the preliminary hearing. Gulotta, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.